UNITED ELECTRIC SECURITIES CO. v. LOUISIANA ELECTRIC LIGHT CO.

(Circuit Court, E. D. Louisiana. January 18, 1896.)

No. 12,415.

RECEIVERS—REPUDIATION OF EXECUTORY CONTRACTS—PLEDGE OF FUTURE EARNINGS.

A pledge or assignment by an electric light company, as security for borrowed money, of revenues to be earned in the future, and paid monthly, under a contract for lighting the streets and public buildings of a city, is an executory contract, which the receivers of such company have the right, in the interest of their trust, either to carry out or renounce, at their election; and the filing by them of a petition to enjoin the city from paying the money to the pledgees, is an election to renounce the contract.

This was a petition by George Q. Whitney and A. S. Badger, receivers of the Louisiana Electric Light Company, praying that the city of New Orleans might be enjoined from paying over to the creditors of the Louisiana Electric Light Company certain moneys to become due to such company under a contract for lighting the streets and public buildings of the city.

The petition set forth, in substance, that the Louisiana Electric Light Company had a contract with the city of New Orleans by which the said company was obliged to light the streets and public buildings of the city during a term of years, in consideration of a sum of money payable to it, monthly, by the city, which payments amounted at the time of filing the petition to about the sum of $15,000 per month; that the officers and directors of the Louisiana Electric Light Company had executed certain pretended pledges and assignments to some of its creditors of the revenues to be derived from the city during several months to come, which pledges and assignments were alleged to be ultra vires and void; that the income of the company was insufficient, without the revenue to be derived from the city, to pay the current expenses, and that the receivers had not means with which to carry on the business, and thereby earn the compensation provided for in the contract. The receivers prayed, therefore, that the city of New Orleans be cited to appear and show cause why it should not be enjoined from paying any sums which might become due under the contract to the pledgees or transferees claiming the same, until the rights of such pledgees or transferees had been duly presented and recognized by the court. To this petition the General Electric Company filed an answer, setting up that it had become the owner, by indorsement and assignment, of the indebtedness secured by the pledged income, and claiming that it was entitled to receive the payments from the city as the same fell due. It denied that the receivers were unable to carry on the business without the aid of the income from the city, and prayed that the city might be directed to pay to the General Electric Company the various sums, as they came due, to the extent of the pledge.

Rouse & Grant, Fenner, Henderson & Fenner, and Saunders & Miller, for receivers.

E. Howard McCaleb, for the electric company.

PARDEE, Circuit Judge. This cause came on to be further heard at this term upon the original petition of George Q. Whitney and A. S. Badger, receivers, filed herein on the 30th day of November, 1895, and the supplemental and amended petition filed on the 18th day of December, 1895, and the answers thereto of the General Electric Company, the Louisiana National Bank of New Orleans, and the city of New Orleans, as well as upon the evidence adduced by the parties, and was argued by counsel. Thereupon the court finds:

1. The Louisiana Electric Light Company issued the five promissory notes (together with others since paid) described in the answer of the General Electric Company, and aggregating the sum of $61,000, one of said notes being made payable to the order of R. T. McDonald, one to the order of Judah Hart, and three to the order of the Ft. Wayne Electric Corporation; and that, for the purpose of securing the same, the said Louisiana Electric Light Company assigned and transferred to said payees in pledge its future income and revenues to be earned under its contract with the city of New Orleans for lighting the streets and public buildings to the extent of $10,000 for the month of November, $15,000 for the month of December, 1895,

$15,000 for the month of January, $15,000 for the month of February, and $6,000 for the month of March, 1896. And the court further finds that $5,000 has been paid on the above note of $10,000 out of the income for November, earned prior to the appointment of receivers herein, by leave of the court heretofore granted in this cause, and that there remains due on said notes now held by the General Electric Company the sum of $56,000. The court also finds that as security for the same debt the Louisiana Electric Light Company also pledged 149 of its mortgage bonds of $1,000 each.

2. Said notes referred to in the first finding were given by the Louisiana Electric Light Company for and in consideration of money loaned and advanced to it, and used in paying interest on its bonded debt, and in discharging debts incurred in the ordinary course of its business.

3. The Louisiana Electric Light Company, on the 23d day of October, 1895, procured a loan of $5,000 from the Louisiana National Bank of New Orleans, giving as security therefor an assignment and transfer of a like amount of its future income to be earned under said contract with the city of New Orleans in the month of November, 1895, and that there is now due said bank, after deducting $2,500 heretofore paid out of said income by leave of court, the sum of $2,500, with interest. The court further finds that said sum of money was borrowed and used for the purpose of paying a portion of a large indebtedness then due Cantey & Co. for coal furnished to the defendant corporation to enable it to carry on its business prior to the appointment of the receivers herein, and after the filing of the bill in this case.

4. The gross revenues of the Louisiana Electric Light Company derived from the operation of its business carried on by the receivers, including its earnings under the city contract, average about $36,000 per month, and that the operating expenses, not including extraordinary repairs and new machinery and material required from time to time, average about $30,000 per month; and that the business has been and will continue to be carried on at a loss to the receivers of about $9,000 per month unless they are permitted to collect and receive the revenues earned under said contract with the city of New Orleans.

5. Since their appointment the receivers have been compelled to incur an indebtedness of about $71,000 for additional machinery and equipments which were absolutely necessary for the preservation of the existing plant.

6. Under the contract between the city of New Orleans and the Louisiana Electric Light Company the said city owed the said company nothing for lighting the city in the months covered by these pledges until the company had actually performed the services required under its contract in each of said several months, and that said services cannot be performed except at a necessarily heavy expense, which must be paid by the receivers.

7. The contract of assignment of revenues to be earned is executory, and no vested right could or did accrue in favor of the as-

signees or transferees until the services to be rendered the city of New Orleans in the matter of lighting the city were actually rendered by the electric light company, or its agents, and that, as executory contractors the receivers, in the interests of their trust, had and have the right to elect either to carry out or renounce the same, and their petition to the court of November 30, 1895, was an election in the matter.

It is therefore ordered, adjudged, and decreed that the General Electric Company be, and it is hereby, enjoined from demanding or recovering from the city of New Orleans, and that the city of New Orleans be, and it is, enjoined from paying to said General Electric Company, its assigns or representatives, any part or portion of the amount due or to become due to the Louisiana Electric Light Company from and after November 30, 1895, under its contract with said city for lighting the streets and public buildings, dated April 27, 1892; and that writs of injunction issue herein against them, perpetually restraining and prohibiting them, and each of them, their agents, officers, attorneys, and servants, accordingly. And it is further ordered that the said city of New Orleans do pay to George Q. Whitney and A. S. Badger, receivers in this cause, the full amount earned and due under said contract for the month of December, 1895, and also the amounts to become due for the months of January, February, and March, 1896, when earned; and that the said city do recognize the right of said receivers or their successors, if any are appointed, to claim and enjoy the full benefit of said contract in the same manner and to the same extent as the Louisiana Electric Light Company might if such receivers had not been appointed. Otherwise than as herein maintained, the injunction pendente lite is dissolved.